## THE KING vs. KAHELE.

MOTION TO QUASH PANEL OF JURORS.

OCTOBER TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

An Act of the Legislature devolved the duty of selecting the list of fifty persons to serve as jurors upon the Chief Clerk of the Supreme Court. This officer was absent from the Kingdom and the list was selected by the Deputy Clerk.

The law (Civil Code, Section 867) prescribes that in case of the absence or death of the Clerk, the deputy shall act as Clerk, etc.

Held, that the list of jurors having been prepared by the Deputy in the absence of the Clerk, it was done according to law.

OPINION OF THE COURT, BY JUDD, C.J.

The Attorney-General moves to quash the array or panel of jurors for the term, on the ground that the Act approved on the 21st day of August, 1888, devolved the duty of selecting the list of fifty persons to serve as jurors, and from which the panel is drawn, (theretofore performed by the Governor in concert with a Judge of a Court of Record) upon the " Chief Clerk of the Supreme Court." The Clerk of the Supreme Court was absent from the Kingdom on the 8th September last, the date when the list was by law to be made up, and this work was done by the Deputy Clerk, who signed himself " Henry Smith, Deputy Clerk, acting Chief Clerk in the absence of William Foster, Esq."

The Act of 29 August, 1884 (Chapter XLII. of the Session Laws of that year), enacted that the Deputy Clerk and the Second Deputy Clerk shall have "all other powers and duties pertaining to the office of the Clerk of the Supreme Court, or necessary for the transaction of the business of said Court, subject to the direction of the Clerk of the Supreme Court and the approval of the Justices thereof." Under this statute the two Deputy Clerks can perform any duty which the law imposes upon the Clerk, concurrently with the Clerk. But the Act of 1888, in distinguishing the Clerk who is to perform the duty of

selecting the list of jurors as the Chief Clerk, indicates that the Legislature did not intend that this function should be executed by the other clerks concurrently with the Clerk. This being inconsistent with the Act of 1884, is a repeal of it to this extent. But the Civil Code, Section 867, prescribes that in case of the absence or death of the Clerk, his deputy shall act as Clerk, etc. It was not necessary to re-enact this provision of law in the Act of 1888, for it was not repealed by the Act of 1884, although it was made unnecessary, for if the deputies can perform any duty which devolves upon the Clerk, when he is present, they can perform these duties when he is absent.

But although the use of the title, "Chief Clerk," indicates that he and not his deputies is to perform this particular duty when a clerk is in commission and present for duty, it is too violent an assumption to say that the Legislature did not have in view the very necessary statute of long standing, which contemplated the probable contingencies of death or absence of this important officer, and provided for them by designating the person by whom these duties could be performed if such contingencies should arise.

If the Legislature intended that only the Clerk of the Supreme Court and not the Deputy Clerks, in case of his death, or absence from whatever cause, could legally discharge the duty of preparing the list of jurors, it could have expressed this intention in words admitting of no doubt. But it has not done so.

No statute other than that of 1888 names the Clerk as the "Chief" Clerk. This statute, however, does, and we are bound to give effect to every word of a statute if it is possible so to do. We give force and effect to the word "Chief" by the interpretation thus put upon it.

The list of jurors under consideration having been prepared by the Deputy Clerk, in the absence of the Clerk, in concert with a Justice of a Court of Record, it is according to law, and

The motion is overruled.

*C. W. Ashford* (Attorney-General), for the Crown.

Messrs. *Hartwell, Smith* and *Brown*, per contra.

CONCURRING OPINION OF MR. JUSTICE McCULLY.

It must be considered that the phrase " The Chief Clerk of the Supreme Court," designates the officer who is elsewhere in the statutes named the Clerk of the Supreme Court. This office was established and the duties of the officer prescribed by Article XXXIV. of the Civil Code, " Of the Clerk of the Supreme Court," including Sections 860 to 869, Compiled Laws, page 245. Section 865 provides that " if necessary the Justices may employ a Deputy Clerk to assist said Clerk in keeping up his records and in the discharge of his other duties," and Section 867 provides that " in case of the absence or death of the Clerk his deputy shall act as Clerk."

In the earlier years of the Court, the Clerk requiring assistance, a person was employed on the footing above prescribed, and business increasing, he was retained as a permanency. His duties were confined to attending Judges in probate and keeping probate records. He signed his name as " Assistant Clerk." He was at a later period directed to sign as "Deputy Clerk." He was appointed by the Justices of the Court and not by the Clerk, and did not sign the Clerk's name. In the course of time it grew to be the practice that he should administer oaths and perform some other duties of the Clerk without regard to the " case of absence." A few years ago a second assistant or deputy was required and was appointed and commissioned as such by the Justices, and he exercised many of the functions of a Clerk. Without intending to throw doubt upon the validity of acts done by these Deputy Clerks, it may be said that it seemed quite desirable to place their appointment and their powers upon explicit statute. Chapter XLII. of the Acts of 1884 is " An Act to provide for the appointment of a Deputy Clerk and Second Deputy Clerk of the Supreme Court and to prescribe the powers and duties of said Clerks." By this Act the clerks so appointed are empowered to issue process, administer oaths, take depositions, assess damages on defaults, etc., and to have all other powers and perform the duties pertaining

to the office of the Clerk of the Supreme Court, or necessary for the transaction of the business of said Court. The exercise of these powers is not made dependent on the absence of the Clerk.

In my view, the statute of 1884 supersedes the provisions, relating to a deputy clerk, of the Civil Code in the Sections cited above. One effect of it is to repeal the provision requiring the absence of the Clerk in order to empower the deputy to perform the Clerk's statute duties. The deputy clerks, "subject to the direction of the Clerk and the approval of the Justices," as a matter of order and subordination, are legally competent at all times to execute the duties of the Clerk. It is an original power not deputed to them by the Clerk.

The statute under consideration now imposes a new duty upon the Clerk of the Court, styling him the Chief Clerk. The contention of the Attorney-General is that the use of the word, Chief, limits the function to the officer who is so designated, in order that the word have some effect.

I am of opinion that the Legislature did intend to vest this power in the Clerk and not in the deputies, but in my view the intention has not been expressed in words which control, and exclude the operation of the statute of 1884. There are no words of limitation to the Clerk and prohibiting the deputies; for calling the Clerk the Chief Clerk does not exclude the deputies from any powers they possessed by a general statute, and they are therefore duly empowered to perform this duty of the Clerk.

Holding the opinion of the Court that the list was legally drawn by the first deputy, and overruling the challenge to the array, I only differ, very respectfully, in the view that the legality of the act depends upon the absence of the Clerk, and that there is any legal obligation that he alone must perform this function when he is present.

---

I concur in the foregoing opinion.

EDWARD PRESTON.